IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| IAN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-030 |
| ) | |
| AUGUSTA STATE MEDICAL PRISON, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Harris v. Dep't of Pardons and Paroles, 1:13-cv-01524 (N.D. Ga. July 26, 2013) (dismissed for failure to comply with a court order); (2) Harris v. Albright, 1:12-cv-00090 (S.D. Ga. Feb. 20, 2013) (dismissed for failure to prosecute because Plaintiff did not comply with the court's order to amend his complaint after finding during initial review that the allegations therein were too vague); and (3) Harris v. Supreme Court of Georgia, 1:12-cv-03235 (N.D. Ga. Nov. 26, 2012) (mandamus action dismissed for failure to state a claim).

A dismissal for failure to comply with a court order qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (holding that failure to comply with court orders is an "abuse of the judicial process").

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

Likewise, dismissal under a court's local rules for failure to prosecute counts as a strike. See Allen v. Clark, 266 F. App'x 815, 816-17 (11th Cir. 2008); see also Boggs v. Danials, No. 7:13-CV-95, 2014 WL 185249, at *1 (M.D. Ga. Jan. 15, 2014) (holding that two dismissals under local rule for failure to prosecute, one due to the plaintiff's failure to comply with a court order to file his complaint on the proper forms, and the other due to his failure to amend his complaint as directed by the court after initial review, qualified as strikes under § 1915(g)); Breland v. Owens, No. CV 409-186, 2010 WL 170461, at *1 n.1 (S.D. Ga. Jan. 13, 2010) ("Failure to obey an order of the court, much like a failure to prosecute an action in violation of a court's local rules, is precisely the type of abuse the three strikes bar was created to remedy"). A mandamus action qualifies as a civil action, such that dismissal for failure to state a claim also constitutes a strike. Lanier v. Ryan, No. 11-20745, 2011 WL 1303291, at *7 (S.D. Fla. Mar. 9, 2011) (citing In re Jacobs, 213 F.3d 289 (5th Cir. 2000); In re Washington, 122 F.3d 1345 (10th Cir. 1997); Hicks v. Brysch, 989 F.Supp. 797 (W.D. Tex. 1997); Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996)) ("Petitions for Mandamus against either federal officials or against state officials qualify as "civil actions" under 28 U.S.C. § 1915(g)") Report and Recommendation adopted by, 2011 WL 1212710.

In sum, Plaintiff's three previous cases noted above qualify as strikes under § 1915(g). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as

3

the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time he commenced this case. Plaintiff alleges only that an employee of Augusta State Medical Prison is retaliating against him for filing a complaint by (1) taking food off Plaintiff's food tray, (2) sweeping trash into his cell, (3) "walking across [his] bed with dirty shoes on," and (4) confiscating items such as toilet paper, clothes, and writing paper. (See doc. no. 1.) Because Plaintiff does not assert that he was in any imminent danger of serious physical injury, he fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 20th day of February, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

4